UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DEJA REALTY CORP,                                    Docket No.: 24 CV 278
                                                     (JLR) (JW)

                          Plaintiff,                 AMENDED COMPLAINT

        -against-

THE TRAVELERS INDEMNITY COMPANY OF
AMERICA,

                          Defendant.
-------------------------------------------------------------------X

Plaintiff, DEJA REALTY CORP, by its attorneys, the Law Offices of Edmond J. Pryor,

complaining of the Defendant, respectfully alleges as follows:

1.      Plaintiff is a corporation duly organized and existing under and by virtue of the laws of

the State of New York with its primary place of business in Bronx County, New York.

2.      Defendant, THE TRAVELERS INDEMNITY COMPANY OF AMERICA, is a foreign

corporation authorized to do business in, under, and by virtue of the laws of the State of New

York.

3.      Defendant is an insurance company authorized to issue insurance policies in the State of

New York.

4.      Underlying the instant matter is an action entitled: "Deja Realty Corp. v. 2011 Vyse

Realty LLC and Kiri Construction Corp." which is pending in the Supreme Court, Bronx County

under Index Number 816819/2021E (the "Underlying Action"). A true and accurate copy of the

Complaint in the Underlying Action is attached hereto as **EXHIBIT 1**.

5.      The Underlying Action alleges that Deja Realty Corp suffered damages to its building at

2015 Vyse Avenue, Bronx, New York due to the Underlying Action Defendants' demolition and

1

construction at the neighboring property known as 2011 Vyse Avenue, Bronx, New York from late 2021 into Spring 2022.

6.    Defendant issued a Businessowner's policy to the Plaintiff, bearing Policy No. 680-0R301533-23-42 (2023-2024 policy), for the period of May 8, 2021 to May 8, 2022.

7.    Plaintiff paid to Defendant all premiums required to be paid under the policy so that it was in full force and effect for the period from late 2021 into Spring 2022.

## As and For a First Cause of Action

8.    Plaintiff incorporates by reference each of the allegations set forth in paragraphs 1 through 7 of this Complaint.

9.    In or about September 2021, the Plaintiff first became aware of the damage to its building caused by the regular and continuous excavation and hammering of rock at the adjacent parcel.

10.    The excavation and hammering of rock at the adjacent parcel continued regularly from its inception in or about September 2021 through and including at least March/April 2022.

11.    Plaintiff's building was subjected to and sustained worsening and further damages while the excavation and hammering of rock continued through at least March/April of 2022.

12.    Plaintiff retained counsel to seek injunctive relief in the Underlying Action to prevent the continued excavation and hammering of rock at the adjacent parcel and successfully brought an end to the hammering of rock in the adjacent property in or about April 2022 in furtherance of this goal.

13.    In or about September 2021, the Plaintiff first notified the Defendant and/or its agents of the damage to its building and requested to file a claim under its policy.

14.    The Plaintiff notified the Defendant and/or its agents of the damage within a reasonable period of their becoming aware of it.

2

15.     The Plaintiff notified the Defendant and/or its agents of the damage as soon as practicable under the circumstances.

16.     Defendant acknowledged receipt of the Plaintiff's notice of the alleged claim.

17.     Defendant thereafter denied coverage and disclaimed any and all obligation under the Plaintiff's insurance policy to pay damages arising out of the damage caused to Plaintiff's property.

18.     Defendant denied coverage and disclaimed any and all obligation under the Plaintiff's insurance policy to pay damages arising out of the damage caused to Plaintiff's property on various contradictory grounds.

19.     Plaintiff has performed all of its obligations under the policy of insurance and has not been, and is not, in default in respect thereto.

20.     Defendant is in breach of the policy of insurance entered into between Plaintiff and Defendant and Plaintiff therefore seeks a declaration that the Plaintiff is entitled to damages awarded arising out of damage caused to Plaintiff's property.

## As and For a Second Cause of Action

21.     Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 20 of this Complaint.

22.     As a result of Defendant's failure to compensate Plaintiff and exercise its subrogation rights against the neighbor that caused the damage, the Plaintiff, at its own expense, has employed an attorney and others to carry on an investigation, file a Summons and Complaint, and litigate its claims against 2011 Vyse Realty LLC and Kiri Construction Corp. to seek compensation for the damage caused to Plaintiff's real property.

WHEREFORE the Plaintiff respectfully prays that the court:

a.  Make a binding declaration of the rights, duties, status, and other legal relations of the Plaintiff and Defendant pursuant to the policy of insurance and the contractual obligations of the Defendant to Plaintiff;

b.  Declare that the Defendant is bound to compensate Plaintiff for the damage to its real property up to the limits of the policy of insurance;

c.  Declare that the Defendant is liable to Plaintiff to reimburse it for all amounts paid by it in prosecuting and investigating the damages caused by Plaintiff's neighbor; and

d.  Grant such other and further relief as it deems proper.

Dated: Bronx, New York
       January 30, 2024                    Yours, etc.,

                                           LAW OFFICES OF EDMOND J. PRYOR

                                           *s/ Edmond J. Pryor*
                                           _____
                                           By:  Edmond J. Pryor
                                           *Attorneys for Plaintiff*
                                           292 City Island Avenue
                                           Bronx, N.Y. 10464
                                           718-829-0222

To:    Lazare Potter Giacovas & Moyle LLP

       747 Third Avenue, 16th Floor

       New York, New York  10017

       *Attorneys for Defendant*