

747 THIRD AVE, FLOOR 16
NEW YORK, NEW YORK 10017
T: 212.758.9300
F: 212.888.0919
LPGMLAW.COM

Direct: (212) 784-3291
yglazer@lpgmlaw.com

September 18, 2024

(*via* ECF)

Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court
500 Pearl Street
New York, New York 10007

Re:

> *Deja Realty Corp. v. The Travelers Indemnity Company of America*,
> 24 CV 278 (JLR) (JW)
> LPG&M File No.: 340-1490

Dear Judge Rochon:

      This firm represents defendant The Travelers Indemnity Company of America ("Travelers"). I bring this letter motion seeking to compel compliance with the March 21, 2024 Case Management Plan and Scheduling Order (Dkt. 22, Exh. "A" hereto), which despite multiple demands has not been properly complied with and prevents the parties from moving forward with submitting a joint proposed discovery order by tomorrow as directed.

      At the March 21, 2024 Initial Conference, as Travelers' motion to dismiss was pending, the Court stayed discovery, but specifically required the parties to serve Rule 26a Disclosures by April 4, 2024. (Exh. "A"). Travelers made several attempts thereafter to secure Plaintiff's Rule 26a Disclosures without any response from Plaintiff. (Exh. "B").

      Following the Court's decision on the motion, and receipt of the Court's August 29, 2024 directive to file a new proposed discovery order by September 19, 2024, I immediately reminded Plaintiff of its prior failure to provide the Rule 26a Disclosures, and to do so immediately in order to determine what discovery was necessary to complete a proposed joint discovery order. (Exh. "C").

On September 4, 2024, Plaintiff provided an utterly deficient Rule 26a Production. (Exh. "D").[1] Travelers objections to that production are detailed in my September 4, 2024 email to counsel. (Exh. "C"). Notably, however, Plaintiff failed to submit any evidence of damages in excess of that amount claimed in its initial complaint and the subject of Travelers' motion – the same November 24, 2021 estimate for $453,750 upon which Travelers sought excluded from Plaintiff's damages. As the Court will remember, a key component of Plaintiff's amended complaint and opposition to Travelers' motion was that damages continued after it had in its possession that estimate. Thus, it was incumbent upon Plaintiff, pursuant to Rule 26a *and this Court's directive*, to provide a proper Rule 26a Disclosure, setting forth the damages it allegedly incurred and is seeking in this lawsuit, and supporting documents for same.

I again received no response to that September 4, 2024 deficiency email and once again reached out to counsel on September 16, 2024 to remind him that our joint discovery plan was due in three days, and I needed the proper Rule 26a disclosure in advance. Plaintiff's response was to seek consent for an adjournment of the filing of the proposed joint discovery plan, which I refused to do without first obtaining proper responses to the long overdue Rule 26a Disclosure. As of this filing, I still have not received same, and our joint discovery plan is due tomorrow.

Plaintiff amended its complaint to allege additional damage beyond the expiration of Travelers' suit limitations period. If and to the extent Plaintiff does not in fact have any evidence of same, Travelers will, in addition to seeking dismissal, seek Rule 11 sanctions. Travelers respectfully seeks the Court's assistance to enforce its prior order so that discovery can procced.

Thank you for your assistance in this regard.

Very truly yours,

*s/Yale Glazer*

Yale Glazer

cc:   Edmond J. Pryor, Esq.
      (*via* ECF)

The Court has received no response from Plaintiff to this letter, despite the deadline set forth in the Court's Individual Rule 2.E.

No later than September 30, 2024, Plaintiff is ORDERED to provide to Defendant its complete Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), which was due on April 4, 2024. Dkt. 22. Plaintiff and Defendant shall also submit their proposed joint amended case management plan (CMP) by September 30, 2024. If Plaintiff fails to cooperate in the submission of the CMP, Defendant is permitted to unilaterally submit the CMP.

Dated: September 25, 2024      SO ORDERED.
       New York, New York

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

---

[1] Plaintiff's response is hereby attached without Exhibit 3 thereto, which is 138 pages of the Travelers policy.